1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. CV-F-06-1716 OWW DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| vs. | [Doc. 1] |
| KNOWLES, et al., | |
| Defendants. | |
| / | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on November 28, 2006 and was granted leave to proceed in forma pauperis on March 1, 2007.

I.      Discussion

A.      Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

///

1

1   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

2   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

4   relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

5   claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

6   citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

7   Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must

8   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

9   425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

10  all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11       B.    Summary of Plaintiff's Complaint

12       The events at issue in the instant action allegedly occurred at Kern Valley State Prison. Plaintiff

13  names Warden Knowles, Appeals Coordinators B.Griewich and C. Pfeiffer and unnamed mail room

14  clerks as defendants.

15       Plaintiff alleges that in June of 2006, unnamed mail room workers returned legal material that

16  he purchased to the sender without affording plaintiff any notice, explanation, or administrative review.

17  Plaintiff alleges that he learned of the return after the merchant returned the funds to his account.

18  Plaintiff alleges that he filed numerous grievances regarding the returned mail and the failure to receive

19  responses to the grievances. Plaintiff alleges that defendants Gricewich and Pfeiffer failed to properly

20  process his grievances.

21       C.    Section 1983 Claims

22           1.    Incoming Mail

23       Prisoners have "First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d

24  264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed

25  under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987).

26  Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related

27  to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the

28  regulation, court must consider the following factors: (1) whether there is a "valid, rational connection

1   between the regulation and the legitimate government interest put forward to justify it," (2) "whether

2   there are alternative means of exercising the right," (3) the impact that the "accommodation of the

3   asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready

4   alternatives." Turner, 482 U.S. at 89-90.

5           Plaintiff alleges that his incoming mail was wrongly rejected by staff and returned to its sender.

6   Plaintiff may be able to state a cognizable claim for relief under section 1983 based on the rejection of

7   the book.  However, plaintiff must first cure the linkage deficiency contained in his complaint with

8   regard to this claim, as discussed in the following three paragraphs.

9           The Civil Rights Act under which this action was filed provides:

10                  Every person who, under color of [state law]     . . . subjects, or causes to
                    be subjected, any citizen of the United States. . . to the deprivation of any
11                  rights, privileges, or immunities secured by the Constitution. . . shall be
                    liable to the party injured in an action at law, suit in equity, or other
12                  proper proceeding for redress.  42 U.S.C. § 1983.

13  The statute plainly requires that there be an actual connection or link between the actions of the

14  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department

15  of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has

16  held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

17  of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

18  perform an act which he is legally required to do that causes the deprivation of which complaint is

19  made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).   In order to state a claim for relief under

20  section 1983, plaintiff must link each named defendant with some affirmative act or omission that

21  demonstrates a violation of plaintiff's federal rights.

22          To the extent that plaintiff is attempting to impose liability on the individual who rejected his

23  book, plaintiff must identify that individual.  If plaintiff does not know the identity of the person who

24  rejected his book, he may name that person as a Doe.  The inclusion of Doe defendants under these

25  circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal

26  Rules of Civil Procedure once the identity of defendants is known through discovery or other means.

27  Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91

28  F.R.D. 543, 547 (D. Nev. 1981).  The United States Marshal, of course, cannot initiate service of process

1   on a Doe defendant until plaintiff is able to provide the Marshal with the name and location of the

2   defendant.

3       To the extent that plaintiff is attempting to impose liability on a supervisor, such as Warden

4   Knowles, plaintiff is advised that under section 1983, liability may not be imposed on supervisory

5   personnel for the actions of their employees under a theory of respondeat superior.  When the named

6   defendant holds a supervisorial position, the causal link between the defendant and the claimed

7   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.

8   1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To

9   state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts

10   indicating that the defendant either: personally participated in the alleged deprivation of constitutional

11   rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy

12   so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of

13   the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

14   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

15       Plaintiff has not alleged any facts indicating that Warden Knowles personally participated in the

16   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

17   promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

18   rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.

19                2.      Grievances

20       Prisoners have no constitutional right to an inmate grievance system.  Olim v. Wakinekona, 461

21   U.S. 238, 249 (1983).  "[A prison] grievance procedure is a procedural right only, it does not confer any

22   substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(citing Azeez

23   v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

24   1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections

25   envisioned by the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore,

26   638 F. Supp. 315, 316 (E.D. Mo. 1986).  Specifically, failure to process a grievance does not state a

27   constitutional violation.  Buckley, 997 F.2d at 495.  Thus, a prison official's involvement and actions

28   in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.

1    Buckley, 997 F.2d at 495.

2           Plaintiff may not pursue claims for relief against defendants Gricewich and Pfeiffer under section

3    1983 for reviewing and denying his grievances.

4           D.      Conclusion

5           The court finds that plaintiff's complaint fails to state any cognizable claims for relief against

6    the named defendants.   The court will provide plaintiff with the opportunity to file an amended

7    complaint.

8           Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in

9    itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the

10   original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

11   complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended

12   complaint, as in an original complaint, each claim and the involvement of each defendant must be

13   sufficiently alleged.

14          Accordingly, it is HEREBY ORDERED that:

15          1.      Plaintiff's complaint, is dismissed, with leave to amend;

16          2.      Within thirty (30) days from the date of service of this order, plaintiff shall file an

17                  amended complaint;

18          3.      The Clerk's Office shall send plaintiff a civil rights complaint form; and

19          4.      If plaintiff fails to file an amended complaint in compliance with this order, the court will

20                  recommend that this action be dismissed for failure to state a claim upon which relief

21                  may be granted.

22        IT IS SO ORDERED.

23     Dated:    **October 3, 2007**              _____ **/s/ Dennis L. Beck**_____
                                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

5