IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. 1:06-CV-1716 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS GRICEWICH AND PFEIFFER BE DISMISSED FROM THE ACTION |
| vs. | (Doc. 18) |
| KNOWLES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on November 28, 2006.

On October 4, 2007, the court issued an order finding that plaintiff's allegations did not give rise to cognizable claims for relief under section 1983 against defendants Knowles, Gricewich and Pfeiffer. Plaintiff was also advised that, to the extent that he is asserting claims against persons whose identities he does not know, he may name those individuals as Doe defendants. The court dismissed plaintiff's complaint with leave to amend. On November 15, 2007, plaintiff filed an amended complaint. (Doc. 18).

///
///
///

I.     Discussion

    A.     Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

    B.     Summary of Plaintiff's Amended Complaint filed November 15, 2007

The events at issue in the instant action allegedly occurred at Kern Valley State Prison. Plaintiff names Appeals Coordinators B. Gricewich and C. Pfeiffer as defendants. Plaintiff also names unidentified mail room workers as Doe defendants.

Plaintiff alleges that in June of 2006, unnamed mail room workers returned legal material that he purchased to the sender without affording plaintiff any notice. Plaintiff alleges that he learned of the return after the merchant returned the funds to his account. Plaintiff alleges that he filed numerous grievances regarding the returned mail and the failure to receive responses to the grievances. Plaintiff alleges that defendants Gricewich and Pfeiffer failed to properly process his grievances and in so doing impeded his access to the courts.

C. <u>Section 1983 Claims</u>

1. <u>Incoming Mail</u>

Prisoners have "First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987). <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. <u>Turner</u>, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." <u>Turner</u>, 482 U.S. at 89-90.

Plaintiff alleges that his incoming mail was wrongly rejected by staff and returned to its sender. Plaintiff states a cognizable claim against the Doe mail room clerk for relief under section 1983 based on the rejection of the book. Plaintiff was previously informed that the inclusion of Doe defendants is permissible in circumstances where their identities are unknown, and plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of the defendants are known through discovery or other means. <u>Merritt v. Los Angeles</u>, 875 F.2d 765, 768 (9th Cir. 1989); see <u>Swartz v. Gold Dust Casino, Inc.</u>, 91 F.R.D. 543, 547 (D. Nev. 1981). The United States Marshal, of course, cannot initiate service of process on a Doe defendant until plaintiff is able to provide the Marshal with the name and location of the defendant.[1]

2. <u>Access to the Courts</u>

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id</u>. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an

---

[1] By separate order, the court shall order plaintiff to furnish further information sufficient to effect service of process.

3

actual injury. Id.

Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury. The grievances plaintiff alleges went unanswered or unacknowledged concern the return of his incoming mail. Plaintiff is pursing those very claims in this action. Given that plaintiff is currently pursuing those claims in this action, plaintiff may not be heard to complain that because his appeals have gone unanswered, he has suffered actual injuries with respect to those claims. To the extent that plaintiff is concerned that he may in the future suffer a dismissal of his suit or suits on the ground that he failed to complete the grievance procedure, this is insufficient to meet the actual injury requirement. Indeed, a number of courts have declined to dismiss for failure to exhaust where prison officials have rendered the process itself unavailable, either through the failure to respond in a timely manner or through the failure to respond at all. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)).

1  Thus, it is not a foregone conclusion that plaintiff will ultimately suffer dismissal because his appeals
2  have gone unanswered.  Until plaintiff suffers some actual prejudice with respect to his suits and this
3  prejudice results from prison officials' failure to respond to his appeals, plaintiff has not suffered an
4  actual injury.  At this juncture, plaintiff's access to the courts claims stemming from the inadequacies
5  of the inmate appeals process is premature, and he may not pursue claims for relief against defendants
6  Gricewich and Pfeiffer under section 1983 for failure to provide him access to the courts.

7        To the extent that plaintiff alleges that the unidentified mail room clerks also denied him access
8  to the courts, plaintiff again fails to demonstrate that he has suffered an actual injury resulting from any
9  interference with or denial of access to the courts.

10        D.     Conclusion

11        The court finds that plaintiff's amended complaint fails to state any cognizable claims for relief
12  against defendants Gricewich and Pfeiffer.  Plaintiff was previously provided with the opportunity to
13  amend but was unable to cure the deficiencies.

14        Accordingly, the court HEREBY RECOMMENDS that:

15        1.     This action be dismissed against defendants Gricewich and Pfeiffer for failure to state a
16              claim upon which relief may be granted under section 1983; and
17        2.     This action proceed only against the mail room Doe defendant for violation of Plaintiff's
18              First Amendment right to send and receive mail.

19        These Findings and Recommendations will be submitted to the United States District Judge
20  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
21  after being served with these Findings and Recommendations, plaintiff may file written objections with
22  the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
23  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
24  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25       IT IS SO ORDERED.

26     **Dated:**    **August 3, 2008**          **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE