# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. 1:06-cv-01716-OWW-DLB PC |
| Plaintiff, | ORDER FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |
| v. | |
| KNOWLES, et al., | (Doc. 18) |
| Defendants. | |

Plaintiff William Nible ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 19, 2005. The court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds that it states a cognizable claim for relief under section 1983 against Doe defendants for violation of plaintiff's First Amendment right to send and receive mail.[1] Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Accordingly, it is HEREBY ORDERED that:

    1.    Service is appropriate for the following defendants:

              JOHN DOE, MAIL ROOM CLERK

---

[1] In a Findings and Recommendations issued concurrently with this order, the court recommended that plaintiff's access to the courts claims against defendants Gricewich, Pfeiffer and Doe defendants be dismissed for failure to state a claim upon which relief may be granted under section 1983.

2.     The Clerk of the Court shall send plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the amended complaint filed November 15, 2007.

3.     Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a.     Completed summons;

    b.     One completed USM-285 form for each defendant listed above; and

    c.     One copy of the endorsed amended complaint filed November 15, 2007..

4.     Plaintiff need not attempt service on defendants and need not request waiver of service. Because plaintiff is proceeding in forma pauperis, the court must appoint the United States Marshal to serve each defendant with a summons and complaint. Fed. R. Civ. Pro. 4(c)(2). However, the Marshal cannot locate and serve unidentified defendants. The court is aware that plaintiff may not know the name of the mail room worker doe defendant. From plaintiff's complaint, it appears that the defendant worked in the mailroom at Kern Valley State Prison in early June 2006. If plaintiff can provide any other details that might assist the court and the Marshal, plaintiff shall so inform the court. For example, does plaintiff know what date his mail was processed and returned? **Accordingly, within thirty (30) days from the date of service of this order, plaintiff shall provide the court with any and all information he has that might help the Marshal identify and serve the mail room Doe defendant(s).**

5.     <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

Dated:    **August 3, 2008**           /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE