# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. 1:06-CV-01716-DLB PC |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | (DOC. 36) |
| KNOWLES, et al., | ORDER REQUIRING DEFENDANT TO FILE ANSWER WITHIN TWENTY DAYS |
| Defendants. | |

**Order**

**I. Background**

Plaintiff William Nible ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed July 21, 2009, against Defendant E. Flores for violation of the First Amendment. On December 4, 2009, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and pursuant to the unenumerated portion of Rule 12(b) for failure to exhaust administrative remedies. (Def.'s Mot. Dismiss, Doc. 36.) On January 22, 2010, Plaintiff filed his opposition.[1] (Pl.'s Opp'n, Doc. 41.) On May 19, 2010, Defendants filed their reply. (Defs.' Reply, Doc. 42.) The matter is submitted pursuant to Local Rule 230(l).

---

[1] Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion in the Court's second informational order, issued September 3, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

1

Pursuant to Local Rule 230(l), the moving party is required to respond to the non-moving party's opposition within 10 days from the date of service of the opposition. Defendants' reply is nearly four months late. The Court will thus not consider the reply.

## II.     Summary Of Second Amended Complaint

Plaintiff contends that on three occasions, Defendant E. Flores deprived Plaintiff of his First Amendment right to send and receive mail. Plaintiff contends that on June 5, 2006, his mail had been returned to sender without giving Plaintiff any notice. Plaintiff alleges that on June 8, 2006, he was notified by a bookstore that his order had been returned to sender under the direct supervision and knowledge of Defendant Flores, without notice. Plaintiff alleges that on June 9, 2006, another order was being refunded, because it was being returned to sender.

## III.     Failure To State A Claim

### A.     Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949.

### B.     Analysis

Defendant contends that Plaintiff's claims are premised on *respondeat superior* liability and fail as a matter of law. Under § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government

official, regardless of his or her title, is only liable for his or her own misconduct; therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.* at 1948-49.

Here, Plaintiff does not allege mere *respondeat superior* liability. Plaintiff alleges direct knowledge and participation by Defendant E. Flores in returning Plaintiff's mail to sender without notice. At the pleading stage, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam), as long as the allegations state a claim plausible on its face, *Iqbal*, 129 S. Ct. at 1949. Here, the Court finds Plaintiff's claims plausible, and construing all allegations of material fact as true, Plaintiff raises a cognizable claim for violation of the First Amendment. Defendant's argument thus fails. Defendant's motion to dismiss for failure to state a claim is denied.

**IV.     Failure To Exhaust Administrative Remedies**

    **A.     Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at

1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.     Analysis**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant relies on Plaintiff's second amended complaint and its attached exhibits to contend that Plaintiff failed to exhaust administrative remedies prior to filing suit. It appears that Defendant places the burden of proving exhaustion of administrative remedies on Plaintiff. That is incorrect. As stated previously, § 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. Defendant, not Plaintiff, must first present evidence of failure to exhaust administrative remedies. Defendant

4

1 relies solely on Plaintiff's submissions with his second amended complaint as proof of his failure
2 to exhaust administrative remedies.[2]

3 According to Plaintiff's submitted documents, he attempted five times to resolve the
4 mailroom issue.[3] (Pl.'s Second Am. Compl., Ex. A, Notice to B. Gricewich, dated October 6,
5 2006.) His first attempt occurred on June 20, 2006, when he placed a CDC 602 inmate grievance
6 in the mail and handed it to the floor officer in his building. This was never responded to.
7 Plaintiff's second attempt occurred on July 12, 2006, when he submitted another 602 inmate
8 grievance in the mail for the floor officer. Plaintiff retained a copy of this second attempt. It
9 appears that Plaintiff submitted this inmate grievance for informal level review, addressed to
10 mailroom staff. The third grievance complained that no staff responded, and was filed on August
11 1, 2006 to the appeals coordinator at the First Level. This third grievance was screened out on
12 August 22, 2002 by appeal coordinator C. Pfeiffer for Plaintiff's failure to adequately complete
13 sections A and B of the 602 inmate grievance form, which were left blank.

14 Plaintiff is required to comply with the inmate grievance procedure to properly exhaust
15 administrative remedies. *Woodford*, 548 U.S. at 85-86. However, if prison officials fail to
16 comply with their own inmate grievance procedures and thus obstruct an inmate's ability to
17 exhaust, there are no available administrative remedies. *See Nunez*, 591 F.3d at 1224; *see also*
18 *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not
19 considered to have been available if a prisoner, through no fault of his own, was prevented from
20 availing himself of it."); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)
21 (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of
22 inaction of prison officials."); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials

---

[2] For a motion to dismiss, the Court can consider documents that have been submitted as part of a complaint. *Gumataotao v. Dir. Of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001). No party contests the authenticity of the submitted grievances.

[3] Plaintiff's opposition contains several grievances attempting to demonstrate exhaustion of administrative remedies. The Court does not find these grievances relevant to this action, as none of the grievances were filed within 15 working days of the events at issue in this action - the return of mail on June 5, June 8, and June 9 of 2006. *Woodford*, 548 U.S. at 85-86 (holding that compliance with prison's own grievance procedures is necessary to demonstrate exhaustion); *see* Cal. Code Regs. tit. 15, § 3084.6(c) (requiring inmate grievance to be filed within fifteen working days of event or decision being appealed).

may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006))); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted).

     Pursuant to California's inmate grievance procedures, informal responses shall be completed within ten working days. Cal. Code Regs. tit. 15, § 3084.6(b)(1). There is a clear dispute as to whether prison staff complied with the inmate grievance process. This is not to say that Plaintiff has proven that he complied with the prison's inmate grievance procedure and was frustrated through no fault of his own by prison staff. However, because the burden lies with Defendant to demonstrate that Plaintiff failed to exhaust administrative remedies, the Court finds insufficient evidence to support dismissal of this action for failure to exhaust. Defendant has not met his burden.

///

///

///

V. **Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that

1. Defendant's motion to dismiss, filed December 4, 2009, is DENIED in its entirety; and
2. Defendant is to serve and file an answer to Plaintiff's second amended complaint within twenty (20) days.

IT IS SO ORDERED.

Dated: **August 16, 2010**         /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE