# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. KNOWLES, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:06-CV-01716-DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (DOC. 47)<br><br>DEFENDANT'S RESPONSES DUE WITHIN THIRTY DAYS |

Plaintiff William Nible ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint filed July 21, 2009 against Defendant E. Flores for violation of the First Amendment. Pending before the Court is Plaintiff's motion to compel, filed February 3, 2011. Doc. 47. Defendant Flores filed an opposition on February 22, 2011. Doc. 48. Plaintiff filed a reply on March 8, 2011. Doc. 49. The matter is submitted pursuant to Local Rule 230(l).

**I.    Plaintiff's Requests And Defendant's Objections**

Plaintiff seeks to compel further response to the following twenty interrogatories.

Request No. 1:　　I am requesting the identification(s) of the Warden(s) and or acting Warden(s) from February 16, 2006, through November 5, 2010 which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability.

1

| | | |
|---|---|---|
| 1 | Request No. 2: | I am requesting the identification(s) of the Associate-Warden(s) and or acting Associate-Warden(s) from February 16, 2006, through November 5, 2010 which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability. |
| 4 | Request No. 3: | I am requesting the identification(s) of the Associate-Warden(s) and or acting Associate-Warden(s) working in Business Services from February 16, 2006, through November 5, 2010 which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability. |
| 7 | Request No. 4: | I am requesting the identification(s) of the mailroom Captain(s) from February 16, 2006, through November 5, 2010 which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability. |
| 10 | Request No. 5: | I am requesting the identification(s) of the mailroom Lieutenant(s) and or acting mailroom Lieutenant(s), from February 16, 2006, through November 05, 2010 which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability. |
| 14 | Request No. 6: | I am requesting the identification(s) of the Mailroom Sergeant(s) and or acting Mailroom Sergeant(s) from February 16, 2006, through November 05, 2010 which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability. |
| 17 | Request No. 7: | I am requesting the identification(s) of staff working at Kern Valley State Prison, C-facility, building #8, first floor, third-watch (14:00  22:00 hours) on April 24, 2007, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #1. |
| 20 | Request No. 8: | I am requesting the identification(s) of staff working at Kern Valley State Prison, C-facility, building number 8, second floor, third-watch (14:00  22:00 hours) on April 24, 2007, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #2. |
| 24 | Request No. 9: | I am requesting the identification(s) of staff working at Kern Valley State Prison, C-facility, building number 6, working the tower during first watch (22:00  06:00 hours) on March 24, 2010, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #3. |
| 27 | Request No. 10: | I am requesting the identification(s) of staff working at Kern Valley State Prison, C-facility, Law Library, from June 01, 2010 through November 05, |

2

|    |                  |                                                                                                                                                                                                                                                                                                                                                   |
|----|------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  |                  | 2010, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #4. |
| 2  |                  |                                                                                                                                                                                                                                                                                                                                                   |
| 3  | Request No. 11:  | I am requesting the identification(s) of appeals coordinator C. Pfeiffer, who was employed at Kern Valley State Prison, California Department of Corrections, on or about June 20, 2010, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #5. |
| 6  | Request No. 12:  | I am requesting the identification(s) of appeals coordinator C. Gricewich, who was employed at Kern Valley State Prison, California Department of Corrections, on or about April 07, 2006, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #6. |
| 10 | Request No. 13:  | I am requesting the identification(s) of appeals Coordinator D. Tarnoff, who was employed by the California Department of Corrections, on or about September 29, 2010, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #7. |
| 13 | Request No. 14:  | I am requesting the identification(s) of the inmate appeals coordinator N. Grannis who was employed by the California Department of Corrections, at Inmate Appeals Branch, Sacramento, California, on or about December 31, 2007, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #8. |
| 17 | Request No. 15:  | I am requesting the identification(s) of Foston, Inmate Appeals Branch, California Department of Corrections, Sacramento, California on or about January 05, 2010, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #9. |
| 21 | Request No. 16:  | I am requesting the identification(s) of a Captain Tyson, who was employed on C-facility, Kern Valley State Prison, on or about April 17, 2006, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #10. |
| 24 | Request No. 17:  | I am requesting the identification(s) of the California Department of Corrections, warehouse worker who signed for the package delivered to North Kern Valley State Prison, or Kern Valley State Prison, who signed V. Viloz, dated March 30, 2009, shipping order number 1018317, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #11. |

3

Request No. 18:     I am requesting the identification(s) of Correctional Captain, Central Operations, Nipper, who was employed at Kern Valley State Prison, on or about May 08, 2006, which consists of the following information: last name, first name, middle initial, badge number, employee ID number, post/position number, or any other identifier that Plaintiff could use to assign liability to Doe #12.

Request No. 19:     I am requesting the following information, each and every post/position, assignment, held/worked by the Defendant, E. Flores, from February 16, 2006, through November 05, 2010.

Request No. 20:     I am requesting the Mailroom Operating Procedures for Kern Valley State Prison, from February 16, 2006, through November 05, 2010, and all changes/amendment(s) to the Procedures known as "Operational Procedure number 800" et al.

Defendants provide the following objections to all of Plaintiff's interrogatories, except for Requests Nos. 1, 2, 3, 4, 9, and 10.

> Objection. This request is compound, contains subparts and is conjunctive. This interrogatory is also vague and ambiguous. Defendant further objects that this request is violative of the attorney-client and/or work product protections, over breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence. It also violates the privacy interests of third parties and seeks information in violation of the official Information privilege. Subject to and without waiving these objections, Defendant responds as follows:
>     Responding Party E. Flores was not working at the Mail Room in 2006 and was never involved with plaintiff's issues regarding the delivery of mail. Further, the information plaintiff is seeking is not in the possession, custody or control of this Responding Party.

As to Request Nos. 9 and 10, the objections remained the same, but the response changed slightly: "Responding Party E. Flores was never involved with plaintiff's issues regarding the delivery of mail during his employment with the Department of Corrections and Rehabilitation. Further, the information plaintiff is seeking is not in the possession, custody or control of this Responding Party."

As to Request Nos. 1 through 4, Defendant omits the objection, "The interrogatory is also vague and ambiguous."

## II.    Analysis

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b) [of the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 33(a)(2); *see also id.* 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

4

defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.").

It is clear that Defendant filed form objections without specifically addressing the individualized interrogatories. Defendant's contention that the Plaintiff seeks information that would violate the official information privilege is without support. Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." *Id.* Government personnel files are considered official information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (finding city police department personnel files not subject to discovery for general search). To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages." *Id.* at 1033-34. If the potential disadvantages are greater, then the privilege bars discovery. *Id.* at 1033.

Defendant's objection that the request is violative of the attorney-client and/or work product protections is unsupported and the Court must question whether it is taken in good faith.

Here, most of Plaintiff's interrogatories merely seek the identity of certain individuals who may be involved in Plaintiff's mail issues. This information is not confidential in nature, as it would involve only first and last names, and badge numbers or other similar means of identification. The Court is unpersuaded that the disclosure of such information would fall within any sort of privilege. Defendant's contention that Plaintiff seeks confidential personnel information is without merit.

Defendant's contention that he does not have possession, custody, or control over this information is also without merit. Such an objection would be applicable only to the production of documents. *See* Fed. R. Civ. P. 34(a). Plaintiff seeks production of a document only as to

1   Request No. 20.  Plaintiff's other interrogatories require only an answer.[1]

2   Regarding Request No. 20, Defendant's contention that he does not have possession, custody, or control is unpersuasive.  It is this Court's experience that individual defendants who are employed by CDCR can generally obtain documents, such as the ones at issue here, from CDCR by requesting them.  If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced.  *See*, *e.g.*, *Mitchell v. Adams*, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); *see also Gray v. Faulkner*, 148 F.R.D. 220, 223-24 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.").  Defendant's contention that the production of Mail Operating Procedures would compromise institutional security, without any further explanation, is unavailing.[2]

However, most of Plaintiff's interrogatories are irrelevant to his claims and unlikely to lead to the discovery of admissible evidence.  A review of Plaintiff's second amended complaint, the operative pleading in this action, indicates that it concerns Plaintiff's mail issues that occurred in June and July of 2006 at Kern Valley State Prison.  Second Am. Compl., Doc. 29.  Thus, information about events which occurred after the events alleged in the second amended complaint would have no relevance to this action.  Plaintiff contends that because this action is ongoing, it encompasses events that occurred after the events alleged.  Pl.'s Reply 2, Doc. 49.  Plaintiff is mistaken.  *See* Fed. R. Civ. P. 8(a)(2) (requiring plaintiff to plead "a short and plaint statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*,

---

[1] Defendant's response to Request No. 19 is disingenuous.  It is inexplicable how Defendant would not know or could not readily find out every post/position and assignment he has had.

[2] Defendants appear to erroneously cite to institutional security concerns at California State Prison, Solano.  This action concerns events at Kern Valley State Prison.

6

550 U.S. 544, 555 (2007) (purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (citation omitted).  In his second amended complaint, Plaintiff alleges no claims that occurred after 2006.  Thus, no such claims are before the Court.

To the extent that Plaintiff seeks to discover the identity of individuals possibly involved with Plaintiff's mail issues in 2006, the information is reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b).  The Court will deny all discovery requests that seek information beyond 2006, as they are not reasonably calculated to lead to the discovery of admissible evidence.  This includes Requests Nos. 1, 2, 3, 4, 5, 6,19, and 20, insofar as they request discovery beyond 2006, and Requests Nos. 9, 10, 11, 13, 14, 15, 17 in their entirety, as those requests concern information after 2006 only.  Defendant will be required to serve further response in accordance with this order.

### III.     Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is granted as to Requests Nos. 1, 2, 3, 4, 5, 6, 19, and 20 as follows:

    a. Plaintiff's Requests Nos. 1, 2, 3, 4, 5, 6, 19, and 20 are limited to the relevant time period of 2006;

2. Plaintiff's motion to compel is denied as to all other requests; and

3. Defendant is to serve further response as stated herein within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated:  **June 1, 2011**          /s/ **Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE