1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  WILLIAM NIBLE,                          CASE NO. 1:06-CV-01716-DLB PC

10              Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                          FOR PRIORITY LEGAL STATUS (DOC. 46)
11        v.
                                          ORDER DENYING PLAINTIFF'S MOTION
12  M. KNOWLES, et al.,                    FOR ACCESS TO MAKE COPIES (DOC. 50)

13              Defendants.               ORDER DISREGARDING PLAINTIFF'S
                                          MOTION FOR EXTENSION OF TIME TO
14                                        RESPOND TO ORDER (DOC. 57)

15                                        ORDER GRANTING PARTIES' MOTIONS
                                          FOR MODIFICATION OF SCHEDULING
16                                        ORDER (DOCS. 51, 52)

17                                        Discovery Cut-Off Date: August 15, 2011
   _____/      Dispositive Motion Deadline: October 21, 2011
18

19        Plaintiff William Nible ("Plaintiff") is a prisoner in the custody of the California

20  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

21  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

22  on Plaintiff's second amended complaint against Defendant E. Flores for violation of the First

23  Amendment.

24        On February 2, 2011, Plaintiff filed a motion requesting priority legal status.  Doc. 46.

25  On April 29, 2011, Plaintiff filed a motion seeking access to copy legal documents.  Doc. 50.  On

26  May 9, 2011, Plaintiff filed a motion seeking modification of the discovery and scheduling order.

27  Doc. 51.  On May 13, 2011, Defendant filed his own motion to modify the discovery and

28  scheduling order.   Doc. 52.  On July 11, 2011, Plaintiff filed a motion for extension of time to

1

1   file a response to the undersigned's June 1, 2011 order.

2   **I.      Plaintiff's February 2, 2011 Motion**

3          Plaintiff moved for the Court to order that Plaintiff be placed on priority legal status.

4   Doc. 46.  However, Plaintiff has since stated to the Court that he has priority legal status.  Pl.'s

5   Reply 6, Doc. 55.  Accordingly, Plaintiff's motion, filed February 2, 2011, is DENIED as moot.

6   **II.     Plaintiff's April 29, 2011 Motion**

7          Plaintiff moves for access to make copies at the prison law library in response to

8   Defendants' discovery requests.  Pl.'s Mot., Doc. 50.  Defendant contends that Plaintiff has

9   access to the law library, and thus has no access to the courts issue.  Def.'s Opp'n, Doc. 53.

10  Plaintiff contends that in order to respond to Defendants' discovery request, namely Interrogatory

11  No. 8, Plaintiff must be allowed to copy 192 pages of documents.  Pl.'s Reply, Doc. 55.

12         Plaintiff in effect seeks a preliminary injunction, requiring the law librarian and warden to

13  make copies of Plaintiff's requested documents.  "A plaintiff seeking a preliminary injunction

14  must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable

15  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

16  injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 129 S.

17  Ct. 365, 374 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to

18  preserve the status quo or to prevent irreparable injury pending the resolution of the underlying

19  claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

20         Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

21  must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102

22  (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,

23  454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not have an actual case or

24  controversy before it, it has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.

25  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the

26  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights

27  of persons not before the court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727

28  (9th Cir. 1985).  Here, the Court lacks jurisdiction over the law librarian at Kern Valley State

1   Prison, as he is not a Defendant in this action.

2          The Court has examined the record in this action.  Defendant has since filed a motion to

3   compel Plaintiff to respond to his interrogatories.  Doc. 56.  While the Court is not adjudicating

4   Defendant's motion to compel with this order, Defendant's motion is informative for purposes of

5   ruling on Plaintiff's motion for access to copies.

6          Defendant's Interrogatory No. 8 requests, "Please identify all documents that support

7   your contention that you suffered injury or harm as result of the purported acts or omission of

8   defendant E. FLORES."  Identifying documents is not the same as a request for production of

9   documents.  Here, Defendant sought a list of which documents support his claim.  Thus, it is

10  unnecessary for Plaintiff to make photocopies of all 192 pages of documents to answer

11  Defendant's interrogatory.

12         Accordingly, Plaintiff's motion for access to make copies, filed April 29, 2011, is

13  DENIED.

14  **III.    Plaintiff's Motion For Extension of Time To Respond**

15         Plaintiff moves for an extension of time to respond to the Court's June 1, 2011 Order.

16  Doc. 57.  The Court had granted in part and denied in part Plaintiff's motion to compel.  Doc. 54.

17  The Court did not require Plaintiff to respond to the Court's order.  Accordingly, Plaintiff's

18  motion for extension of time to respond, filed July 11, 2011, is HEREBY ORDERED

19  disregarded.

20  **IV.    Parties' Motion For Modification Of Scheduling Order**

21         Plaintiff moves for modification of the discovery cut-off date, or a stay of the discovery

22  and scheduling order.  Doc. 51.  Plaintiff contends that he needs time to make copies of

23  documents in response to Defendant's discovery requests.  Defendant also moves for

24  modification of the discovery and scheduling order.  Defendant requests an extension of the

25  discovery cut-off date to August 15, 2011, and a deadline for filing dispositive motions of

26  October 21, 2011.

27         The decision to modify a scheduling order is within the broad discretion of the district

28  court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller*

3

1   *v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  Pursuant to Federal Rule of Civil

2   Procedure 16, a pretrial scheduling order "shall not be modified except upon a showing of good

3   cause," and leave of court.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d

4   1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party

5   opposing the modification might supply additional reasons to deny a motion, the focus of the

6   inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

7         Good cause having been shown, it is HEREBY ORDERED that the parties' motions for

8   modification of the discovery and scheduling order are GRANTED.  The discovery cut-off date

9   is August 15, 2011.  The dispositive motion deadline is October 21, 2011.

10        IT IS SO ORDERED.

11   **Dated:    July 14, 2011**          _____/s/ **Dennis L. Beck**_____
                                           UNITED STATES MAGISTRATE JUDGE

4