# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE, | CASE NO. 1:06-CV-01716-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (DOC. 56) |
| v. | |
| MIKE KNOWLES, et al., | PLAINTIFF'S ANSWERS TO DEFENDANT DUE WITHIN THIRTY DAYS |
| Defendants. | |

## Order

Plaintiff William Nible ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendant E. Flores for violation of the First Amendment.

Pending before the Court is Defendant's motion to compel, filed June 13, 2011. Doc. 56. No opposition was timely filed. Pursuant to Local Rule 230(l), the matter is submitted.

**I.   Motion To Compel**

Defendant seeks to compel answers to ten special interrogatories. Defendant served these interrogatories on March 10, 2011. Terhorst Decl, Ex. A. Plaintiff did not serve answers to the interrogatories. *Id.*

Interrogatory No. 1: Please state all facts which support your contention that defendant E. FLORES violated your civil or constitutional rights.

1

<u>Interrogatory No. 2</u>: Please identify each of your "civil" or "constitutional" rights that you contend was violated by defendant E. FLORES.

<u>Interrogatory No. 3</u>: Please describe each incident involving defendant E. FLORES that you contend constituted a violation of your civil or constitutional rights.

<u>Interrogatory No. 4</u>: Please state all facts that support your contention that you sustained injury or damage as a result of defendant E. FLORES' acts or omissions.

<u>Interrogatory No. 5</u>: Please state all facts in support of your contention that you exhausted administrative remedies with regard to your claims against defendant E. FLORES.

<u>Interrogatory No. 6</u>: Please identify all documents that support your contention that you exhausted administrative remedies with regard to your claims against defendant E. FLORES.

<u>Interrogatory No. 7</u>: Please identify all documents that support your contention that defendant E. FLORES violated your civil or constitutional rights.

<u>Interrogatory No. 8</u>: Please identify all documents that support your contention that you suffered injury or harm as result of the purported acts or omissions of defendant E. FLORES.

<u>Interrogatory No. 9</u>: Please identify all witnesses who you intend to call at the time of trial to support your contention that defendant E. FLORES violated your civil or constitutional rights.

<u>Interrogatory No. 10</u>: Please identify all witnesses who you intend to call at the time of trial to support your contention that you suffered injury or damage as a result of the purported acts or omissions of defendant E. FLORES.

Defendant contends that the interrogatories are all relevant for the purposes of discovery. Defendant contends that Plaintiff has failed to respond to Defendant's interrogatories. Def's Mot. Compel, Terhorst Decl. ¶ 2.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason.

*E.g.*, *Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1).

Defendant's interrogatories are clearly relevant for purposes of discovery. Plaintiff's failure to respond is not excused.[1] Plaintiff will be required to answer each interrogatory, and to serve his answers on Defendant within thirty (30) days of this order

**II.    Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel, filed June 13, 2011, is GRANTED; and
2. Plaintiff is to serve his answers to Defendant's interrogatories within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 9, 2011**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] In other motions, Plaintiff expressed difficulty with being able to photocopy certain documents to respond to Defendant's interrogatories. By separate order, the Court informed Plaintiff that answers to interrogatories are not the same as production of documents, and that Plaintiff need only list the names of the responsive documents. Order 3:2-11, Doc. 58.

3