1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  WILLIAM NIBLE,                           CASE NO. 1:06-CV-01716-DLB PC

9              Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION
                                            TO AMEND COMPLAINT (DOC. 60)
10       v.

11  M. KNOWLES, et al.,

12              Defendants.

13  _____/

14

15      Plaintiff William Nible ("Plaintiff") is a prisoner in the custody of the California

16  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

17  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

18  on Plaintiff's second amended complaint, filed July 21, 2009, against Defendant E. Flores for

19  violation of the First Amendment.  On July 21, 2011, Plaintiff filed a motion to amend his

20  complaint.  Doc. 60.  On August 8, 2011, Defendant filed his opposition.  Doc. 62.  The matter is

21  submitted pursuant to Local Rule 230(l).

22      Plaintiff alleges that Defendant E. Flores Plaintiff moves to amend his pleadings to

23  include allegations for his entire period of incarceration at Kern Valley State Prison, from the

24  alleged events in 2006 to the present.  Defendant opposes the motion.

25      On September 9, 2010, the Court issued a Discovery and Scheduling Order.  The Court

26  set March 9, 2011 as the deadline to amend the pleadings .  Doc. 45.  Plaintiff is effectively

27  seeking to modify the discovery and scheduling order.  The decision to modify a scheduling order

28  is within the broad discretion of the district court.  *Johnson v. Mammoth Recreations, Inc.*, 975

1   F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.

2   1985)).  Pursuant to Federal Rule of Civil Procedure 16, a pretrial scheduling order "shall not be

3   modified except upon a showing of good cause," and leave of court.  Fed. R. Civ. P. 16(b)(4);

4   *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Although "the existence

5   or degree of prejudice to the party opposing the modification might supply additional reasons to

6   deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

7   modification." *Johnson*, 975 F.2d at 609.

8          Here, Plaintiff has failed to demonstrate good cause.  Plaintiff's motion to amend his

9   pleadings was filed four months after the deadline.[1]  Plaintiff has not presented good cause to

10  modify the Court's schedule.

11         Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend, filed

12  July 21, 2011, is DENIED.

13         IT IS SO ORDERED.

14  **Dated:   August 30, 2011**          _____ /s/ **Dennis L. Beck** _____
                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

---

27       [1] Based on Plaintiff's motion to compel, Plaintiff was under the misconception that
    because his action was ongoing, it automatically encompassed events that occurred after the
28  events plead.  As explained in the Court's June 1, 2011 order, Plaintiff is incorrect.  Doc. 54.