# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>E. FLORES,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:06-CV-01716-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(DOC. 87) |

　　　　Plaintiff William Nible ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant E. Flores for interference with mail in violation of the First Amendment. On February 10, 2012, a telephonic trial confirmation hearing was held before the undersigned. During the hearing, Plaintiff made a motion on the record for priority legal user ("PLU") access to the law library, which was denied. Pending before the Court is Plaintiff's motion for reconsideration, filed February 29, 2012. The Court construes the motion as one pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

　　　　Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.*

1    Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest
2 injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v.*
3 *Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The
4 moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.*
5 (internal quotation marks and citation omitted). Local Rule 230(j) requires Plaintiff to show
6 "what new or different facts or circumstances are claimed to exist which did not exist or were not
7 shown upon such prior motion, or what other grounds exist for the motion."

8    "A motion for reconsideration should not be granted, absent highly unusual
9 circumstances, unless the district court is presented with newly discovered evidence, committed
10 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
11 raise arguments or present evidence for the first time when they could reasonably have been
12 raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
13 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in
14 original).

15    Plaintiff contends that pursuant to state law, he has a due process right to receive access
16 to the law library as PLU status. The Court construes this as a request for preliminary injunction.
17 "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the
18 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
19 balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*
20 *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose
21 of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury
22 pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*,
23 739 F.2d 1415, 1422 (9th Cir. 1984).

24    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
25 must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
26 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,
27 454 U.S. 464, 471(1982). If the court does not have an actual case or controversy before it, it has
28 no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may

issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Here, Plaintiff requests that the law librarian, Norman Olsen, and the warden Kelly Harrington, of Kern Valley State Prison, be ordered to allow Plaintiff PLU status. Olsen and Harrington are not parties before the Court, and are not persons bound as described in Rule 65(d). The Court thus lacks jurisdiction to determine the rights of persons not before the Court and compel these individuals to act. A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. The issuance of the order sought by plaintiff in his motion would not remedy any of the claims alleged in this action. Accordingly, the Court lacks jurisdiction to issue such an order. Thus, the Court will not and cannot grant a preliminary injunction for law library access. Plaintiff has presented no arguments that would merit reconsideration of the Court's denial of Plaintiff's previous motion.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed February 29, 2012, is denied.

IT IS SO ORDERED.

Dated:   **March 1, 2012**                      /s/ **Barbara A. McAuliffe**
                                                           UNITED STATES MAGISTRATE JUDGE

3