# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE,<br><br>                Plaintiff,<br><br>    v.<br><br>E. FLORES,<br><br>                Defendant.<br>                                          / | CASE NO. 1:06-cv-01716-BAM PC<br><br>ORDER STRIKING DEFENDANT'S<br>UNSIGNED MOTION (DOC. 96)<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS (DOC. 102) |

      Plaintiff William Nible ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant E. Flores for violation of the First Amendment right to receive mail. The matter is set for jury trial on March 27, 2012 before the undersigned. Pending before the Court are: 1) Defendant's motion to dismiss, filed March 19, 2012, and 2) Defendant's motion to dismiss, filed March 20, 2012. Docs. 96, 102.

**I.**    <u>**March 19, 2012 Motion**</u>

      Defendant's March 19, 2012 motion and March 20, 2012 motion are substantively identical, except the March 19, 2012 motion is unsigned. Unsigned filings must be stricken. Fed. R. Civ. P. 11(a). Accordingly, it is HEREBY ORDERED that Defendant's motion to dismiss, filed March 19, 2012, is stricken.

///

///

///

1

## II. **March 20, 2012 Motion**

In the March 20, 2012 motion, Defendant moves for dismissal of this action with prejudice. Def.'s Mot. Dismiss, Doc. 102.[1] Defendant's motion to dismiss consists of declarations by Defendant Flores and lieutenant Christopher Blackstone, a correctional lieutenant at Kern Valley State Prison. Defendant Flores attests that he was not employed as associate warden or captain of Cental Operations and the Mail Room in 2006. E. Flores Decl., Ex. A. Lieutenant Blackstone attests that Defendant Flores worked with him in Facility A of Kern Valley State Prison in 2006, not the mail room. Blackstone Decl., Ex. B.

Defendant's motion is untimely. Pursuant to the Court's first Discovery and Scheduling Order, the dispositive motion deadline was July 21, 2011. Doc. 45. The parties then requested a modification of the Scheduling Order, with Defendant moving for a dispositive motion deadline of October 21, 2011. Doc. 52. The Court granted the modification on July 14, 2011. Doc. 58. Despite seeking and receiving this modification, Defendant did not file a timely dispositive motion. Good cause is required to modify the Court's scheduling order. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992). Defendant presents no good cause.

Defendant's motion, if granted, would also modify the Court's Pretrial Order. The Court issued the final pretrial order on February 13, 2012. Doc. 77. The Court's pretrial order did not provide either party with another opportunity to file a dispositive motion. The final pretrial order may be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). The Court finds no manifest injustice.

Though labeled a motion to dismiss, Defendant's motion is a motion for summary judgment, as he seeks adjudication on the merits based on facts beyond the pleadings. *See*

---

[1] During the telephonic motions in limine hearing held on March 15, 2012, Plaintiff stated that if Defendant produced documents sufficient to demonstrate that Defendant was not responsible for Plaintiff's mail problems during June of 2006, the incidents at issue, then Plaintiff would agree to voluntarily dismiss this action. Defendant's motion to dismiss is an inappropriate means of seeking voluntary dismissal of this action. *See* Fed. R. Civ. P. 41. Pursuant to the discussion at the hearing, Defendant was to submit the declarations or other documents to Plaintiff directly.

*Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) (a motion to dismiss must be treated as a motion for summary judgment if either party to the motion submits materials outside the pleadings); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The object of a summary judgment is to "pierce the pleadings" to determine whether trial is actually required. *Matsushita Elec. Inus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56, advisory committee note of 1963). Based on Defendants' representations, Defendant was not responsible for any issues with Plaintiff's mail in 2006 because he was not working in the mail room at the time. If such a fact is undisputed, there would be no need for trial. However, no dispositive motion was filed until approximately one week before trial is to commence. The time for filing dispositive motions has passed. *See* Fed. R. Civ. P. 56(b) (time to file motion for summary judgment can be set by a court order). This matter is set for trial to resolve the factual disputes.

Defendant and his counsel have a duty to resolve actions in a just, speedy, and inexpensive manner. *See* Fed. R. Civ. P. 1 (advisory committee note of 1993) ("The purpose of this revision, adding the words 'and administered' to the second sentence, is to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay. As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned."). This action has proceeded well past the time in which to file a motion for summary judgment. At this stage in the proceedings, trial is the appropriate means to resolve factual disputes involved in this action, not a motion.

For the foregoing reasons, Defendant's motion to dismiss, filed March 20, 2012, is denied.

IT IS SO ORDERED.

Dated:   **March 21, 2012**               /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE